IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40429
(Summary Calendar)
_____


BURNETT D. WALLACE,

Plaintiff-Appellee,

versus

WAL-MART STORES, INC.,

Defendant-Appellant,


--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(2:99-CV-37)
--------------------
September 29, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In this appeal from an adverse judgment implementing the jury verdict for damages in a personal injury suit, Defendant-Appellant Wal-Mart Stores, Inc. complains that the district court erred in submitting the issue of Wal-Mart's negligence to the jury and in refusing to grant judgment as a matter of law (jml) because (1) no evidence of the proper standard of care was adduced, (2) no evidence of any breach of the duty of care by Wal-Mart was adduced,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and (3) as a matter of law Plaintiff-Appellee Wallace broke any chain of causation by failing to heed Wal-Mart's warning. Wal-Mart complains in the alternative that the district court should have granted a new trial because of insufficient evidence to support the jury's findings of negligence and comparative responsibility with respect to Wal-Mart or its findings of comparative responsibility and damages with respect to Wallace. Discerning no reversible error, we affirm.

We have reviewed the record from this jury trial and analyzed (1) the evidence, both conflicting and undisputed, on which the jury based its verdict; (2) the jury instructions; (3) the legal arguments and assignments of error as reflected in Wal-Mart's appellate brief; and (4) the applicable law as cited to us by the parties in their respective appellate briefs, which review satisfies us that the district court committed no reversible error in conducting the trial and that the jury verdict is based on substantial evidence, given the prerogative of the jury to make credibility calls, and is not against the great weight of the evidence. The record makes clear that the jury thoughtfully evaluated the actions of Wallace and of Wal-Mart's agent, Mr. Bierle, both as to the warning given by Bierle to Wallace and as to the actions of those persons before and during the incident that resulted in Wallace's knee injury, and we conclude that the jury's assignment of comparative negligence between the parties is not unreasonable under the circumstances. Neither do we find

2

unreasonable the jury's assessment of damages.  Finally, after reviewing Wal-Mart's extensive discourse on tort law applicable to this case, we discern no reversible error in the rulings of the district court, including without limitation, its refusal to grant either a jml or a new trial.  Nothing in the jury verdict or the manner the district court conducted this jury trial impresses us as remarkable in any way; to the contrary, the record reflects about as straightforward a personal injury jury trial as we ever encounter on appeal and, given our standard of review of jury verdicts under such circumstances, one that does not suggest the need or propriety of granting either a jml or a new trial.  The judgment of the district court is, in all respects,

AFFIRMED.